Mr. Justice Thacher
delivered the opinion of the Court.
Torrey exhibited his complaint before a Justice of the Peace of Holmes county, against Cook, for unlawfully, and against his consent, withholding from him certain acres of land in that county. Upon a verdict being rendered in favor of complainant, Cook appealed to the Circuit Court, and prevailed ; from whence the case comes here by a writ of error sued out by Torrey.
The bill of exceptions discloses, that, upon the trial in the Circuit Court, after presenting to-the jury the affidavit upon which the action was founded* and the various legal documents incident thereon, the plaintiff introduced a witness for the purpose of establishing, by his testimony, that the defendant, Cook, did unlawfully withhold from him a tract of land and tenement in the county of Holmes, as described in the affidavit; but he was not permitted by the Court below to make the desired proof.
We do not see any objection to this question on the score of legality. It does not appear, from the bill of exceptions, that any previous or subsequent question had been asked which could explain the impropriety, if it existed, of this question. On the contrary, as a preliminary and introductory inquiry, its appropriateness cannot be doubted. We gather, however, from the briefs, that the objection to it arises from its uncertainty and too great generality in not defining particularly the tract of land intended in *63 the query. But it is framed in the language of the affidavit, which is itself made in the words of the statute. H. & H. 564, s. 72. The propriety of the question rpay then also be viewed by a consideration of the sufficiency of the description of the land in the affidavit. Here it would perhaps be enough to say, that the statute having pointed out the form of the affidavit, further investigation is unnecessary. The statute has defined the requisite certainty and precision of description. Yet if the same degree of particularity of description is expected as in ejectment, it will be remembered, that the modern rule has greatly relaxed the rigidity of the ancient on this point, and does not require an exact identification of quantity or boundary. In the event of recovery, a plaintiff takes possession at his peril, and should a question afterwards arise, what land has been recovered, that inquiry is satisfied by a reference to the proofs upon the trial, as well as to the records of the case. For both the above reasons, the question propounded to the witness seems legitimate.
The judgment of the Court below must be reversed, and a new trial granted.